JS-6

O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEE STAPLETON, <br> Plaintiff, <br> v. <br> RIVERSIDE COUNTY BOARD OF SUPERVISORS, <br> Defendant. | Case No. ED CV 17-774 JGB (MRW) <br> **ORDER DISMISSING ACTION WITH PREJUDICE** <br> **FRCP 41(b)** |

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to Court orders.

\* \* \*

1.  This is a civil action by an inmate in a county jail facility in Riverside County. Although styled as a habeas action and filled out using a state court habeas corpus form, the gist of the case-commencing pleading was to complain about the conditions of jail. (Docket # 1.)

2. In April 2017, the Court dismissed the habeas petition / complaint without prejudice for failure to plead facts sufficient to establish a cause of action. In its dismissal order, the Court gave Plaintiff the option of amending his pleading or voluntarily dismissing the action without further consequence. (Docket # 3.)

3. Plaintiff did not file anything in response to the Court's April order. In July 2017, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and obey Court orders. In that order, the Court directed Plaintiff to respond to the order with an explanation for his non-compliance and a First Amended Complaint or a statement that he wished to dismiss the action. (Docket # 4.) The Court's July order also warned Plaintiff that failure to respond would result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).

4. Plaintiff did not file any response to the Court's OSC. To date, he has not filed anything with the Court other than his original, defective pleading.

\* \* \*

5. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

6. In the present action, the Court finds dismissal is appropriate. Plaintiff did not respond to any of the Court's orders. The Court gave Plaintiff

ample opportunity to do so. The Court also advised him that he risked dismissal of the action if he did not promptly act. Plaintiff's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

7. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively abandoned his case by not responding to the Court's orders. The Court finds that dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 12, 2017

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE